ACCEPTED
12-14-00201-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
5/27/2015 11:04:40 AM
CATHY LUSK
CLERK

## ORAL ARGUMENT NOT REQUESTED

CAUSE NO. NO. 12-14-00201-CR

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS

5/27/2015 11:04:40 AM

CATHY S. LUSK
Clerk

IN THE
COURT OF APPEALS
TWELFTH DISTRICT OF TEXAS
TYLER, TEXAS

CEDRICK LEWIS,
Appellant

VS.

THE STATE OF TEXAS,
Appellee

**FILED**

5/27/2015

**Twelfth Court of Appeals
Cathy Lusk
Clerk**

Appeal in Cause No. 31189
On Appeal from the Third Judicial District Court
of Anderson County, Texas

### BRIEF FOR STATE

Scott C. Holden
1st Asst. Criminal District Attorney
Anderson County, Texas
Anderson County Courthouse
Palestine, Texas  75801
Texas Bar No. #24036795
903/723-7400

i

# IDENTITY OF PARTIES AND COUNSEL

**JUDGE PRESIDING:**

THE HONORABLE DEBORAH OAKES EVANS

**DEFENDANT/APPELLANT:**

CEDRICK LEWIS

**FOR THE DEFENDANT:**

TRIAL ATTORNEY
COLIN MCFALL
617 EAST LACY ST., SUITE 106
PALESTINE, TEXAS 75801

APPELLATE COUNSEL
PHILIP FLETCHER
800 N. MALLARD ST
PALESTINE, TX 75801

**FOR THE STATE:**

TRIAL COUNSELS
SCOTT HOLDEN & ERICA MORGAN
ASST. CRIM. D.A. ANDERSON COUNTY

ON APPEAL
SCOTT C. HOLDEN
1ST ASSISTANT CRIMINAL DISTRICT ATTORNEY
ANDERSON COUNTY COURTHOUSE
500 N. CHURCH STREET, RM. 38
PALESTINE, TX 75801
(903) 723-7400

# TABLE OF CONTENTS

**PAGE**

Identity of Parties and Counsel . . . . . . . ii

Table of Contents . . . . . . . . . iii

Index of Authorities . . . . . . . . iv

Statement of the Case . . . . . . . . 1

Issues Presented . . . . . . . . . 1

Statement of Facts . . . . . . . . . 1

Summary of Argument . . . . . . . . 2

State's Reply to Appellant's Point of Error 1 . . . . 2-5

Prayer . . . . . . . . . . 6

Certificate of Service . . . . . . . . 7

# INDEX OF AUTHORITIES

**Cases** **Page**

*Duron v. State*, 956 S.W.2d 547 (Tex.Crim.App. 1997) . . 3,4

*Ex parte Morris*, 800 S.W.2d 225 (Tex.Crim.App.1990) . . . 4

*Kirkpatrick v. State*, 279 S.W.3d 324 (Tex.Crim.App.2009) . . 4

*Ramirez v. State*, 105 S.W.3d 628 (Tex.Crim.App. 2003) . . 3

*Rodriguez v. State*, 799 S.W.2d 301 (Tex.Crim.App. 1990) . . 4

*Teal v. State*, 230 S.W.3d 172 (Tex.Crim.App. 2007) . . . 4

**Statutes**

*Tex. Const.* art. V, § 38.04 (Vernon Supp. 2013) . . . . 2

*Tex. Code Crim. Proc.* Art. 1.14 (Vernon Supp. 2013 . . . 3

*Tex. Penal Code Ann.* § 20.04 (Vernon Supp. 2013) . . . 4

## STATEMENT OF THE CASE

The Statement of the case is as stated in appellant's brief page 6. The Reporter's Record will be referred to as "V1, V2, etc." unless otherwise noted. The Clerk's Record will be referred to as "CR1" or "CR2". Appellant's Brief will be referred to as "AB" unless otherwise noted. Appellee is referred to as "State".

## ISSUES PRESENTED

### POINT OF ERROR 1:

Appellant contends the indictment did not confer jurisdiction upon the court as it did not allege a crime.

### STATEMENT OF FACTS

Are as stated in Appellant's brief.

# SUMMARY OF ARGUMENT

## POINT OF ERROR 1 RESTATED:

Appellant contends the indictment did not confer jurisdiction upon the court as it did not allege a crime.

## ARGUMENT

The indictment was constitutionally and statutorily valid.

## STATE'S REPLY TO APPELLANT'S POINT OF ERROR:

An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law. The presentment of an indictment or information to a court invests the court with jurisdiction of the cause. Tex. Const. art. V, § 12(b).

If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding. Nothing in this article prohibits a trial court from requiring that an objection to an indictment or information be made at an earlier time in compliance with Article 28.01 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. art. 1.14 (2013).

Constitutionally, district courts have jurisdiction over a felony when an indictment charging a person with an offense is signed by the grand jury foreman and presented to the district court. The Court of Criminal Appeals has held that "a written instrument is an indictment or information under the Constitution if it accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute, even if the instrument is otherwise defective." *Duron v.* State, 956 S.W.2d 547, 551 (Tex. Crim. App. 1997); *see also Ramirez v. State*, 105 S.W.3d 628, 629-30 (Tex. Crim. App. 2003) All that is required to satisfy the mandate of Art. V, § 12 is that an indictment charge "the commission of

-3-

an offense." This is true whether an indictment fails to allege one element of an offense or whether it contains additional information that may indicate innocence. *Id.* at 551.

In the case at bar, the indictment against Appellant added the word "or" in the charging language of the indictment, thus turning a required element of the offense into an alternative element. This was clearly a clerical error when the indictment was drafted. The indictment still included, however, all the required statutory language to charge Appellant with Aggravated Kidnapping.

The Court of Criminal Appeals has consistently found that indictments that fail to include an element of a crime are valid indictments. *Teal v. State*, 230 S.W.3d 172, 178 (Tex.Crim.App. 2007); *Ex parte Morris*, 800 S.W.2d 225 (Tex.Crim.App. 1990); *Rodriguez v. State*, 799 S.W.2d 301, 303 (Tex.Crim.App. 1990). Texas law now requires the defendant to object to errors in the form or substance of an indictment before the day of trial and before the jury is empaneled. *Kirkpatrick v. State*, 279 S.W.3d 324, 328 (Tex.Crim.App 2009). The critical determination is whether the trial court (and reviewing appellate courts) and the defendant can identify what penal-

code provision is alleged and whether that penal code provision is one that vests jurisdiction in the trial court. *Id.*

A person commits the offense of Aggravated Kidnapping, if with the intent to facilitate the commission of a felony or the flight after the attempt or commission of a felony, a person intentionally or knowingly restricts a person's movements without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another, or by confining the person with intent to prevent his liberation by secreting or holding him in a place where he is not likely to be found. Tex. Penal Code § 20.04 (2013) In Appellant's indictment, the phrase "by secreting or holding him in a place..." was actually written "or secreting or holding him in a place..." (CR 8-32)) In addition to having all the other required statutory language but for the error, the indictment is further labeled "Aggravated Kidnapping – x30," indicating the 30 counts of aggravated kidnapping the Appellant was charged with. There was clearly enough information to inform Appellant of which penal code provision he was being charged with and Appellant never raised a motion to quash prior to trial.

Appellant's point of error is wholly without merit under current constitutional, statutory, and case law. The conviction should stand.

## PRAYER

**WHEREFORE** the Appellee prays that the Court upon consideration hereof affirm the decision of the Trial Court and overrule Appellant's Point of Error.

Respectfully submitted by,

**SCOTT C. HOLDEN**
1st Asst. Criminal District Attorney
Anderson County, Texas
Anderson County Courthouse
500 N. Church Street, RM 38
Palestine, Texas 75801
Texas Bar No. #24036795
(903)723-7400

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Brief for the State has been delivered via fax/email to: Philip Fletcher on this the 27th day of May, 2015, in accordance with the provisions of the Texas Rules of Criminal and Appellate Procedure.

SCOTT C. HOLDEN, 1ST ASSISTANT
CRIMINAL DISTRICT ATTORNEY

## CERTIFICATE OF WORD COUNT

I also certify that the entire word count of the State's reply brief is 1406 words.

SCOTT C. HOLDEN, 1ST ASSISTANT
CRIMINAL DISTRICT ATTORNEY